[Cite as *State v. Gettings*, 2022-Ohio-2691.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111176 |
| v. | : | |
| ERIC GETTINGS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-656501-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Ayoub Dakdouk, Assistant Prosecuting
Attorney, *for appellee.*

Rick L. Ferrara, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Eric Gettings ("appellant") appeals his sentence from the Cuyahoga County Court of Common Pleas, arguing that it is unconstitutional. After a thorough review of the facts and applicable law, we affirm the judgment of the trial court.

# I. Factual and Procedural History

{¶ 2} This appeal arises from appellant's convictions and sentencing in two cases: Cuyahoga C.P. Nos. CR-20-654012-A and CR-21-656501-A.[1] In CR-20-654012-A, appellant pled guilty to two counts of attempted assault, a felony of the fifth degree. In CR-21-656501-A, appellant pled guilty to charges of robbery, a felony of the fifth degree; failure to comply, a felony of the fourth degree; and improperly discharging into habitation, a felony of the second degree, along with an accompanying firearm specification. At the time of his plea, the trial court indicated that Count 6, improperly discharging into habitation, was subject to the Reagan Tokes Law since it was a felony of the second degree committed after March 22, 2019, the effective date of Reagan Tokes.

{¶ 3} The court sentenced appellant as follows:

> In Case No. 654012, on each of the two felonies in the fifth degree, these are both attempted assault on a peace officer, you'll receive twelve months on each of the two counts. They will run concurrent with each other. Up to three years of post-release control. But these will also run consecutive to Case No. 656501.

> Court finds that it is necessary to protect the public and punish the offender and it is not disproportionate to the conduct, and the crimes were committed while under sanctions, and also that the defendant's criminal history shows that consecutive sentences are needed to protect the public.

> In Case No. 656501, as to the Count 3, the felony of the third degree, robbery, 24 months in prison. As to Count 7, having a weapon under disability, also a felony of the third degree, 24 months. As to Count 9, failure to comply with an order or signal, twelve months. He'll also

---

[1] The underlying substantive facts of this case are not relevant to the issues raised in this appeal.

have a class 2 five-year driver's license suspension in that charge and six points on his driver's license. As to Count 6, improper discharging a firearm, a felony of the second degree, this is a qualifying felony. He'll receive three years on his felony of the second degree. That's the minimum term, plus one and a half years indefinite term, 4.5 total term, plus three years of the firearm specification to run prior to and consecutive with the underlying offense. So that makes the total term 7.5 years. Counts, 3, 6, 7, 9 will all run concurrent to each other.

{¶ 4} Appellant's counsel did not raise any objections to his sentencing under the Regan Tokes Law.

{¶ 5} Appellant subsequently filed the instant appeal, raising one assignment of error for our review:

> The sentencing under Ohio law violated the separation of powers doctrine of the constitutions of the State of Ohio and United States, due process of law, are void for vagueness, and conflict internally with other Ohio law.

## II. Law and Analysis

{¶ 6} In appellant's sole assignment of error, he argues that the trial court plainly erred by sentencing him to an unconstitutional statutory scheme. Specifically, he contends that the Reagan Tokes Law violates the separation-of-powers doctrine and his right to due process under the Fourteenth Amendment to the United States Constitution and provides an unconstitutionally vague standard by which it may both extend a prison term and determine its length. These same arguments were addressed in this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), and thus, we need not dwell on them. Based on the authority established by this district's en banc holding in *Delvallie*, the

challenges appellant advances against the constitutional validity of the Reagan Tokes Law have been overruled. *See id*. at ¶ 17-51.

{¶ 7} Appellant has not challenged any other aspect of the convictions and sentencing arising in this case. Thus, we affirm the judgment of the trial court.

{¶ 8} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

ANITA LASTER MAYS, P.J., and
MARY J. BOYLE, J., CONCUR


N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.).